Filed 3/2/21  P. v. Robinson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059478 |
| v. | (Super. Ct. No. 15NF1730) |
| JAMAIKA QUATEL ROBINSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is appellant Jamaika Quatel Robinson's third appearance in our court. He won small victories in his first two, each of which required reconsideration of an issue by the trial court, but he is not as successful this time around. One of the reconsiderations we ordered went against him, and his appointed attorney has been unable to find any issue to argue in his behalf. We concur in that conclusion.

The matter before us is the sentence imposed after he was convicted of burglary, assault with force likely to cause great bodily injury, criminal threats, possession of a firearm by a felon and assault with a firearm. Enhancements for a prior dangerous felony and use of a firearm were found true. The trial court sentenced appellant to 15 years and 8 months in state prison for those crimes and added a year for an earlier infliction of corporal injury on a spouse. Those convictions were affirmed, but the matter was remanded, most recently to allow the court to consider appellant's motion to strike his five-year enhancement for the prior burglary in light of a statutory change *after* the sentencing which would allow the court discretion to dismiss a prior serious felony enhancement – discretion it did not have at the time of sentencing.

Upon remand, the court was made aware of that discretion. It was also made aware that appellant suffers from cancer and is "medically fragile and ill now," and his condition is life-threatening. It declined to dismiss the prior serious felony enhancement. We can reverse a sentencing decision such as this only if we find an abuse of discretion.

On appeal, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.] Concomitantly, '[a] decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial

2

judge." [Citations.]' [Citation.]" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978.)  This was the trial court's decision to make unless we find something to indicate it was arbitrary or irrational.  We do not.

The facts of the instant case were aggravated.  Appellant broke into a woman's home, beat her, and threatened to kill her – a threat he backed up by pulling a gun.  He has prior felonies for corporal abuse and burglary.  We see nothing to indicate the court erred in this sentence, much less abused its discretion.

With the aid of the briefing submitted by counsel, we considered not only the sentencing issue in appellant's case but also scoured the short record of that hearing for any other mistakes, which we chose to do even though this is appellant's third appeal. (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Flores* (2020) 54 Cal.App.5th 266, 268.)  We have been unable to find any other issues that might be argued in appellant's behalf.  Our review is limited to issues pertaining to this hearing but we have twice previously reviewed records in this case, and we can find no flaw in the handling of this matter.  We must therefore agree with appellate counsel that there is no arguable issue here.



BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

3